**KURKOWSKI LAW, LLC**
*By: Daniel M. Kurkowski, Esquire*
1252 Route 109 S.
Cape May, New Jersey 08204
(609) 884-1788; Fax (609) 884-1163
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN, NEW JERSEY

| | |
|---|---|
| JOHN J. GRAULE,<br><br>*Plaintiff*,<br><br>v.<br><br>ROSS ENVIRONMENTAL ENTERPRISES, LLC; EXTERMINATING BY ROSS, INC.; HARRY ROSS and JOHN DOE PARTIES (Plural 1-5 and 6-10), jointly, severally and in the alternative,<br><br>*Defendants.* | Civil Action No.:<br><br>Civil Action<br><br>**Electronically filed**<br><br>**COMPLAINT AND JURY DEMAND** |

**COMPLAINT**

1. Plaintiff, John J. Graule, by way of Complaint as against the Defendants, avers the following:

**JURISDICTION**

2. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 331, 28 U.S.C. Sec. 1332 and pursuant to the Court's supplemental jurisdiction, 28 U.S.C. Sec. 1367.

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because the Plaintiff and Defendant reside within the district.

## IDENTIFICATION OF PARTIES

1. Plaintiff, John J. Graule, resides on West 2nd Avenue, North Wildwood, NJ 08260. At all pertinent times herein, Plaintiff has been employed by Defendants.

2. Ross Environmental Enterprises, LLC ("Ross Environmental"), upon information and belief, is a business entity engaged in the pest control business and is an employer within the meaning of 29 U.S.C. Sec. 203(d) and within the meaning of N.J.S.A. 34:11-56(a)(1).

3. Exterminating By Ross, Inc. upon information and belief, is a business entity engaged in the pest control business and is an employer within the meaning of 29 U.S.C. Sec. 203(d) and within the meaning of N.J.S.A. 34:11-56(a)(1).

4. Defendant, Harry Ross, is the owner of Ross Environmental Enterprises, LLC and an individual who acts directly or indirectly on behalf of Ross Environmental Enterprises, LLC in employee matters and, as such, is an employer within the meaning of the FLSA and NJWHL.

5. Defendant John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff in this matter.

## GENERAL ALLEGATIONS

6. Plaintiff was employed as a Pest Control Technician by Defendants' since or about April 24, 2016.

7. While employed by Defendants, Plaintiff was compensated on an hourly basis, earning an hourly rate of $16.00 per hour.

8. While employed by Defendants, Plaintiff was not paid an overtime rate of one and one-

half times his regular hourly rate for all hours worked in excess of 40 hours per week in accordance with federal and state laws.

9. Plaintiff was paid his hourly rate for all hours worked, including hours in excess of 40 hours per week.

10. During the period of approximately June 2016 through September 2017, Plaintiff was not paid overtime, or paid the correct amount of overtime, at one and one-half times his regular rate for hours worked in excess of 40 hours per week.

11. Plaintiff has not received overtime compensation at one and one-half times his regular rate for hours worked in excess of 40 per week.

12. Plaintiff, since the commencement of his employment with Defendants has regularly worked in excess of 40 hours per week, as reflected in time and pay records maintained by the employer.

13. Plaintiff is not exempt from the overtime requirements of the FLSA or NJWHL.

## COUNT ONE

## FLSA Violation – Failure to Pay Overtime

14. Plaintiff hereby repeats and realleges Paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff has regularly worked in excess of 40 hours per week while employed by Defendants.

16. Defendants failed to pay Plaintiff overtime for hours worked in excess of 40 hours per week.

17. In addition to overtime owed, Plaintiff is also entitled to an award of liquidated damages in an amount equal to the overtime wages owed.

18. Defendants, by the above acts, have violated the overtime provisions of the Fair Labor Standards Act, warranting an award of overtime wages due and an award of liquidated damages.

19. Said violations have been willful within the meaning of 29 U.S.C. Sec. 255.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgement;

   a. declaring that the acts and practices complained of herein are in violation of the FLSA;

   b. declaring that the acts and practices complained of herein are willful violations within the meaning 29 U.S.C. Sec. 255(a);

   c. enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

   d. directing Defendants to make Plaintiff whole for all unpaid overtime due as a consequence of Defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

   e. directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

   f. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided for in 29 U.S.C. Sec. 216(b); and

   g. granting such other and further relief as this Court deems necessary and proper.

## COUNT TWO

### NJWHL Violation – Failure to Pay Overtime

20. Plaintiff hereby repeats and realleges Paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff has regularly worked in excess of 40 hours per week while employed by Defendants.

22. Defendants failed to pay Plaintiff overtime for hours worked in excess of 40 hours per week.

23. Defendants, by the above acts, have violated the overtime provisions of the New Jersey Wage and Hour Law, warranting an award of overtime wages due.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgement;

   a. declaring that the acts and practices complained of herein are in violation of the NJWHL;

   b. directing Defendants to make Plaintiff whole for all unpaid overtime due as a consequence of Defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

   c. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided for in N.J.S.A. 34:11-56(a)(25); and

   d. granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

KURKOWSKI LAW, LLC

By:   /s/   *Daniel M. Kurkowski*
      Daniel M. Kurkowski, Esq.
      Attorneys for Plaintiff

Dated: May 21, 2018

## CERTIFICATION

I hereby certify that there are no other actions to my knowledge pending in any Court

concerning the subject matter of the Complaint contained herein. I further certify that there are no other parties to my knowledge who should be joined in this action at this time.

Nothing contained in this Complaint shall be construed or deemed an admission, of any kind, against Plaintiff. This is not a verified complaint and is a document prepared by counsel.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                        KURKOWSKI LAW, LLC


                                  By:   /s/   *Daniel M. Kurkowski*
                                        Daniel M. Kurkowski, Esq.
                                        Attorneys for Plaintiff

Dated: May 21, 2018

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her above signed counsel, hereby demands trial by jury on all Counts and triable issues in the above-captioned action, pursuant to Rule 5(d) and 38(b) of the Federal Rules of Civil Procedure.

                                        KURKOWSKI LAW, LLC


                                        /s/   *Daniel M. Kurkowski*
                                        Daniel M. Kurkowski, Esq.
                                        Attorneys for Plaintiff

Dated: May 21, 2018

## NOTICE OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Daniel M. Kurkowski, Esq. is hereby designated as Trial counsel in the above captioned litigation on behalf of Kurkowski Law, LLC, attorneys for Plaintiff.

KURKOWSKI LAW, LLC

/s/   *Daniel M. Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: May 21, 2018

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

KURKOWSKI LAW, LLC

/s/   *Daniel M. Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: May 21, 2018

## DEMAND TO PRESERVE EVIDENCE

1. All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to the same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheet, employment files, memos, text messages and any and all online social or work related

websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Instagram, Google+, Snapchat, etc.) and any other information and /or data and/or things and/or documents, including specifically but not limited to the time cards, time sheets, and/or log books and all payroll records (both physical documents and electronic documents and/or data), which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

          KURKOWSKI LAW, LLC

          /s/   *Daniel M. Kurkowski*
          Daniel M. Kurkowski, Esq.
          Attorneys for Plaintiff

Dated: May 21, 2018